# District Court of the Navajo Nation
## Judicial District of Window Rock

Harriet Tracy, *Plaintiff,*

vs.

Peterson Yazzie, *et al., Defendants.*

Decided September 16, 1986

## OPINION

*Before Robert Yazzie, District Court Judge.*

*Leonard Tsosie, Esq., Crownpoint, New Mexico for the Plaintiff; Stephen Verkamp, Esq., Flagstaff, Arizona for the Defendants.*

*Opinion delivered by Yazzie, District Court Judge.*

The above-entitled matter coming on defendants' *Motion to Dismiss or Alternatively Elect a Forum* with plaintiff responding to said motion; the court having heard the arguments of the counsels, and being fully aware within the premises, enters the following OPINION and ORDER:

## Opinion

Plaintiff filed her petition in this court seeking damages against defendants, who have been sued in their capacity as employees of the State of Arizona, and in their individual capacity. Neither the State of Arizona nor the Arizona Department of Economic Security have been named as party defendants.

Defendants argue that there is simply no basis for the Navajo Nation court to assert jurisdiction. This court finds that such is not the case. It is admitted that all parties to this action are members of the Navajo Tribe of Indians, and that the alleged incident(s) complained of happened in Window Rock, Arizona, upon the Navajo Indian Reservation. By authority of 7 N.T.C. §253(3), and the resolution of the Navajo Tribal Council, passed on July 25, 1985 (Resolution No. CJY-57-85), this court clearly and very plainly has jurisdiction. The jurisdiction of this court is further reinforced by the rulings of the United States Supreme Court in *McClanahan v. Ari-*

*zona Tax Commission*, 411 U.S. 164, 36 L. Ed. 2d 129, 93 S. Ct. 1257 (1973); *Williams v. Lee*, 358 U.S. 217, 3 L.Ed.2d 251, 79 S. Ct. 269 (1959). Both, *McClanahan* and *Williams*, answer the question that the Navajo Nation court has jurisdiction, and not the Arizona court, whenever causes of action arise on the Navajo Indian Reservation.

As to whether the Navajo Nation court should entertain actions against the state of Arizona; this has been answered in the Navajo Court of Appeals (now Navajo Supreme Court) ruling in *Hubbard v. Chinle School District, et. al.,* 3 Nav. R. 167 (1982). *Hubbard* involved a suit by Arizona state school district employees against the Chinle school district in Chinle District Court. The district court ruled that it had jurisdiction, but exercised discretion under the doctrine of comity and declined jurisdiction. On appeal, Navajo Nation Court of Appeals ruled that Navajo Nation courts do indeed have jurisdiction over suits against a foreign sovereign, using international law as the basis for its rationale. Accordingly, the appeals court ruled that the State of Arizona is a foreign government and it should be recognized as such. The jurisdiction of Navajo Nation courts is inherent and existed prior to the creation of the State of Arizona.

This court is being asked by plaintiff to keep this matter in this court. The court agrees. The Navajo Nation has laws to compensate injured parties for the loss they have suffered.

Finally, defendants provide a lengthy argument that the eleventh amendment to the United States Constitution bars suit in federal courts and Indian courts by private citizens against a state, and that this bar cannot be overcome by naming an individual state official in lieu of the state. The eleventh amendment to the United States Constitution states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States.

The clear reading of the eleventh amendment to the United States Constitution says nothing about prohibiting courts of Indian Nations, like Navajo Nation courts, from entertaining lawsuits against states like the State of Arizona.

Further, it is has been held in *Talton v. Mayes*, 163 U.S. 376, 16 S. Ct. 986, 41 L.Ed. 196 (1895); and *Native American Church v. Navajo Tribal Council*, 272 F. 2d 131 (10th. 1959), that the first and fifth amendment, respectively, do not apply to Indian Nations without a congressional enactment applying the amendments to Indian Nations. Since the United States Congress has never enacted a law to apply the eleventh amendment, and by the reasoning in *Talton* and *Native American Church v. Navajo Tribal Council, Id.,* this court rules that the eleventh amendment does not apply to prohibit this court from entertaining an action against the State of Arizona or its subdivisions.

## Order

IT IS THEREFORE ORDERED that the *Motion to Dismiss or Alternatively Elect a Forum* is hereby denied.